The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At all relevant times, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between the plaintiff and the defendant.
3. Defendant was a duly qualified self-insured employer. Associated Risk Management Services was adjusting agent in this matter.
4. An Industrial Commission Form 22 Wage Chart is stipulated into evidence. The average weekly wage of the plaintiff in this matter is $320.00.
5. Medical records from the Mayo Medical Laboratories are stipulated into evidence.
6. The issue for the Commission is whether plaintiff has contracted an occupational disease due to the causes and conditions which were characteristic of and particular to a particular trade, occupation or employment excluding all ordinary diseases of life to which the general public is equally exposed outside of this employment.
* * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-eight years old and married. Plaintiff began working for the defendant in September of 1992 and continued until September of 1993.
2. In September of 1993, plaintiff donated blood for the Red Cross. On September 20, 1993, plaintiff was informed that his blood was contaminated with Hepatitis C.
3. In his job duties, plaintiff worked repairing active sewer lines and was in close proximity to untreated sewage on occasion.
4. Hepatitis C is a virus that is spread parenterally, through intravenous or intramuscular injection of contaminated blood. There have been no studies that have found the Hepatitis C virus in sewage, or to have been transferred by sewage exposure.
5. Infected blood transfusions and needle sharing during intravenous drug use have been shown to transfer Hepatitis C.
6. Hepatitis C was not identified until 1989. Testing for the virus was not perfected until 1993.
7. On at least one occasion prior to 1989 plaintiff used drugs intravenously.
8. It is impossible to know when or by what means plaintiff contracted Hepatitis C.
9. There is insufficient evidence of record from which to determine by its greater weight that plaintiff's skin ever came in contact with the sewage, or that his clothes ever became saturated with the sewage, or that plaintiff ever had cuts or scrapes on his skin that came into contact with the sewage.
10. Furthermore, because there have been no studies that show Hepatitis C to be transferable even by skin contact with untreated sewage, there is insufficient evidence of record from which to determine by its greater weight that plaintiff's employment with defendant employer, which entailed mere proximity to untreated sewage, placed plaintiff at an increased risk of developing Hepatitis C as compared to members of the general public not so employed.
* * * * * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff's Hepatitis C condition did not result from an exposure arising out of and in the course of plaintiff's employment with defendant-employer. N.C.G.S. 97-53.
2. Plaintiff has no disease and no disability related to causes and conditions which are characteristic of and peculiar to plaintiff's employment with defendant-employer. N.C.G.S. 97-53
(13).
3. Plaintiff is entitled to no compensation under the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. 97-53.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and hereby is, DENIED.
2. Each side shall pay their own costs of this appeal.
 S/ ____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ____________ BERNADINE S. BALLANCE COMMISSIONER